**FILED**

**FEB 09 2016**

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN HALL, | No. C 15-4147 LHK (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| DR. BEATTY, et al., | |
| Defendants. | |

Plaintiff, a California state prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. For the reasons stated below, the court dismisses the claim against the California Department of Corrections and Rehabilitation ("CDCR") with prejudice, and dismisses the remainder of the complaint with leave to amend.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

Order of Dismissal
P:\PRO-SE\LHK\CR.15\Hall147dwla.wpd

1 § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*
2 *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

3     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
4 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
5 the alleged violation was committed by a person acting under the color of state law. *See West v.*
6 *Atkins*, 487 U.S. 42, 48 (1988).

7 B.    Legal Claims

8     In 2007, plaintiff was given a lower bunk chrono because he was diagnosed with a
9 chronic knee condition in his right knee. On August 29, 2012, plaintiff arrived at San Quentin
10 State Prison. Plaintiff saw defendant Dr. Espinoza to request a lower bunk chrono, but she
11 repeatedly denied his request. Dr. Espinoza ordered a knee brace for his right knee instead, as an
12 alternative. At some point, defendant Dr. Beatty began treating plaintiff. Plaintiff requested a
13 lower bunk chrono from Dr. Beatty because plaintiff's right knee was swelling. Dr. Beatty
14 denied the request, and prescribed a knee brace for plaintiff instead.

15     On February 25, 2015, plaintiff applied for a reasonable accommodation in the form of a
16 lower bunk chrono. The following day, plaintiff was granted a temporary lower bunk chrono,
17 pending a medical evaluation. On March 15, 2015, the reasonable accommodation panel denied
18 plaintiff's request for a lower bunk chrono. On April 21, 2015, plaintiff had an MRI for his right
19 knee. The MRI revealed that plaintiff suffered from an old partial anterior crucial ligament
20 ("ACL") tear. (Compl., Appendix A.) Plaintiff's primary care provider remarked that plaintiff's
21 knee was not unstable, and that plaintiff's knee pain appeared to be attributable to the partial
22 ACL tear. At some point later, plaintiff was granted a lower bunk chrono, as well as ground
23 floor cell accommodations. (*Id.*)

24     Plaintiff states that, since September 2012, he has been forced to get up and down from
25 his upper bunk without the use of a footstool, and has had to instead, use the toilet or sink to step
26 up to his bunk. When he has done so, he has sometimes fallen or slipped, causing pain and more
27 swelling in his knee. Plaintiff alleges that defendant California Department of Corrections and
28 Rehabilitation ("CDCR") has failed to provide a footstool to prevent slipping and falling.

Plaintiff also alleges that, had Drs. Espinoza or Beatty provided plaintiff earlier with a lower bunk chrono, it would have prevented plaintiff's ACL tear, and prevented plaintiff from enduring prolonged pain and suffering from August 2012 through May 2015. Plaintiff also claims that both Drs. Espinoza and Beatty denied plaintiff orthopedic shoes that could have helped plaintiff balance himself while getting in and out of the upper bunk.

Plaintiff's claim against the CDCR must be dismissed. The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). Unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, a state cannot be sued regardless of the relief sought. *See Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The waiver must be unequivocally expressed. *See Sossamon v. Texas*, 131 S. Ct. 1651, 1658 (2011). This Eleventh Amendment immunity also extends to suits against a state agency. *See, e.g., Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms are entitled to Eleventh Amendment immunity). Because there is no indication that the state has waived its Eleventh Amendment immunity, or that Congress has overridden it, plaintiff's claim against the CDCR is dismissed with prejudice.

As for the remaining claim, deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison

official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Here, liberally construed, plaintiff has not sufficiently alleged that either Dr. Espinoza or Dr. Beatty knew that plaintiff faced a substantial risk of serious harm without a lower bunk chrono, and failed to take reasonable steps to abate it. Plaintiff alleges that, as an alternative to recommending a lower bunk chrono, both Drs. Espinoza and Beatty offered plaintiff a knee brace. There is no reasonable inference from the facts presented that either doctor did this knowing that such an alternative was unreasonable. It is well-established that "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). In addition, there are no facts to support plaintiff's claim that Drs. Espinoza and Beatty's denial of orthopedic shoes demonstrated a deliberate indifference to plaintiff's serious medical needs.

If plaintiff can do so in good faith, plaintiff may amend his complaint to allege that defendants were deliberately indifferent to his serious medical needs. Specifically, plaintiff must allege facts showing that defendants' actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013). Plaintiff must state facts sufficient to lead to a reasonable inference that defendants knew plaintiff faced a serious risk of substantial harm without a lower bunk chrono, and failed to take reasonable steps to abate this harm. Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted).

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. Plaintiff's claim against the CDCR is DISMISSED with prejudice. Plaintiff's

1  complaint is otherwise DISMISSED with leave to amend.

2        2.    If plaintiff can cure the pleading deficiencies described above, he shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 15-4147 LHK (PR)) and the words AMENDED COMPLAINT on the first page. The amended complaint must indicate which specific, named defendant(s) was involved in each cause of action, what each defendant did, what effect this had on plaintiff and what right plaintiff alleges was violated. Plaintiff may not incorporate material from the prior complaint by reference. If plaintiff files an amended complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate that he is entitled to relief under the applicable federal statutes. **Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.**

3.    Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4.    It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 2/8/2016

LUCY H. KOH
United States District Judge